UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY A. J.,[1]

             Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
_____

DECISION AND ORDER

1:20-cv-01903 (JJM)

         This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to disability insurance benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [7, 8].[2] The parties have consented to my jurisdiction [10]. Having reviewed the parties' submissions [7, 8, 9], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

         The parties' familiarity with the 1,607-page administrative record [6] is presumed. In May 2019, plaintiff filed application for DIB alleging disability since October 1, 2017. Administrative Record [6] at 1-2. Plaintiff alleged disability due to "herniated discs [at] C4/C5", "bone fragment replacement", "C5/C6 metal plate - disc collapsed - needed surgery to remove", and "C4/C5 fusion surgery". Id. at 247. After the application was denied (id. at 98), an

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

administrative hearing was conducted before Administrative Law Judge ("ALJ") Vincent Cascio on May 28, 2020, at which plaintiff, who appeared with an attorney, and vocational expert Amy Peiser Leopold testified. Id. at 32-59 (transcript of hearing).

Ms. Leopold testified that an individual with plaintiff's residual functional capacity ("RFC") could perform the jobs of companion, price marker, office helper, and routing clerk. Id. at 52. Based upon the medical evidence and testimony, ALJ Cascio found that plaintiff's severe impairments were "obesity, cervical radiculopathy-status post cervical surgery, migraines, hypertension, and hypertensive heart disease without heart failure". Id. at 18. In order to determine plaintiff's RFC, ALJ Cascio considered several functional assessments in the record of plaintiff's physical limitations from: plaintiff's surgeon, Cameron Huckell, M.D.; independent medical examiner Gerald Coniglio, M.D.; consultative examiner John Fkiaras, M.D.; and state agency medical consultants S. Miller, D.O. and D. Brauer, M.D.[3]

Dr. Huckell performed two surgeries on plaintiff's cervical spine. The first, a diskectomy at C4-C5 on November 15, 2010, and the second, a cervical diskectomy and fusion from C5 to C7 with removal of the hardware at C4-5 on September 19, 2018. Id. at 662. ALJ Cascio considered several treatment notes from Dr. Huckell that contained functional assessments from both before and after plaintiff's second surgery. See id. at 22, citing exhibits B3F, B6F, and B16F, containing treatment notes dated August 24, 2017 (at 718), September 13, 2017 (at 710), September 25, 2017 (at 701), December 7, 2017 (at 693), August 27, 2018 (at 685), September 13, 2018 (at 673), October 9, 2018 (at 669), January 8, 2019 (at 665), April 11, 2019 (at 661), August 29, 2019 (at 1054), and October 10, 2019 (at 1058). Dr. Huckell's recommended functional limitations remained consistent during that time. Prior to plaintiff's

---

[3]   Dr. Miller's and Dr. Brauer's first names do not appear in the record.

second surgery, he recommended that plaintiff "avoid repetitive overhead activities", "use a headset if answering the phone on a regular basis", and "should not lift anything greater than 20 pounds". See id. at 722, 717, 707, 699. Following the second surgery, and after completing a functional capacity evaluation, Dr. Huckell opined that plaintiff "should use a headset if answering the phone on a regular basis" and "should not lift anything greater than 20 pounds". Id. at 1060. ALJ Cascio found these opinions "persuasive" because they were "based upon thorough examinations". Id. at 22.

       ALJ Cascio also found persuasive the opinions of state agency review physicians Dr. Miller and Dr. Brauer. Although he acknowledged that they were "non-examining sources", ALJ Cascio credited their conclusions because both doctors are "qualified experts in evaluating Social Security disability claims and cited objective medical and other evidence in support of their opinions". Id. at 21-22. After a records review, Dr. Miller opined on August 8, 2019 that plaintiff could: lift and/or carry 20 pounds occasionally, and 10 pounds frequently; and stand and/or walk a total of 6 hours in an 8-hour workday. Id. at 79-80. He also indicated that plaintiff should avoid "concentrated exposure" to noise due to her history of headaches. Id. Dr. Brauer opined on September 18, 2019 after a records review that plaintiff had the same exertional limitations as opined by Dr. Miller. In addition, Dr. Brauer limited plaintiff to frequent overhead reaching "due to [cervical spine] impairment and "reduced [range of motion]" of her shoulder at the consultative examination, and frequent "fingering & handling" with the "[left] hand" due to plaintiff's "[cervical spine] impairment and associated numbness". Id. at 93-95.

       Dr. Coniglio performed an independent medical examination of plaintiff on February 22, 2018, prior to plaintiff's second surgery. After examination and review of plaintiff's medical records, he opined that Dr. Huckell's proposed surgery "would be a

reasonable and therapeutic endeavor". He opined that plaintiff could work with the following functional restrictions:

> - "The claimant may lift 10 lbs with both arms occasionally.
> - She may push, pull, turn, and twist with a force of 10 lbs occasionally.
> - She cannot restrain hostile or uncooperative individuals.
> - She can climb 1 flight of stairs.
> - She cannot climb ladders.
> - She can walk 1/8 of a mile on flat ground.
> - She must be able to sit, stand, and walk as she so desires."

Id. at 413. ALJ Cascio found this opinion "partially persuasive" because it was "based upon a thorough examination and gives a function by function analysis" that "generally supports" the RFC. Id. at 22. He acknowledged that the RFC differed from Dr. Coniglio's opinion that claimant was limited to lifting and carrying 10 lbs, but credited the portion of the opinion that "claimant can walk up to an 1/8 of a mile, can climb a flight of stairs and can sit/stand and walk as she needs". Id. at 22.

ALJ Cascio found consultative examiner Dr. Fkiaras's July 31, 2019 opinion "not persuasive". Id. Dr. Fkiaras opined that plaintiff had a "marked limitations for any repetitive lifting, carrying, pushing, and pulling", a "moderate to marked limitations for repetitive squatting and bending", a "marked limitation driving and operating machinery", and a "moderate to marked limitations for repetitive reaching with the bilateral upper extremities". Id. at 928. ALJ Cascio noted that Dr. Fkiaras's opinion was "inconsistent with the treatment records" and plaintiff's reported "activities of daily living". For example, "[p]ostoperatively, she was able to ambulate and ascend/descend stairs without difficulty". Id. at 22 (citing id. at 549, 940). She "walked normally and without a limp". Id. at 22 (citing id. at 405). Even before her second surgery, plaintiff had normal range of motion in her cervical flexion and left lateral rotation, though limited range of motion in extension and right lateral rotation. Id. at 22 (citing id. at

406).  Her upper and lower extremity strength measured 5/5 both before and after her second surgery.  Id. at 22 (citing id. at 553, 600, 928, 1015).  After describing these and other factors, ALJ Cascio concluded that "the limitations appear based upon the claimant's representations of her medical history rather than the doctor's examination".  Id. at 23.

Based upon the opinion and other evidence in the file, ALJ Cascio concluded that plaintiff had the RFC to perform light work, with several modifications:

> "[T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except the person can occasionally climb ramps and stairs but cannot climb ladders, ropes and scaffolds. She can occasionally balance, stoop[,] crouch and kneel, but she cannot crawl.  There should be no exposure to unprotected heights or hazardous machinery.  The person can frequently reach including overhead reaching with the bilateral upper extremities. The person can frequently rotate and flex the neck.  The person can frequently handle and finger with the left hand and wrist.  The person is capable of performing occupations with no more than moderate sound level.

Id. at 19.

Based upon the RFC and the vocational expert's testimony, ALJ Cascio determined that plaintiff was able to perform jobs that exist in significant numbers in the national economy, and therefore was not disabled from October 1, 2017 through the date of his Decision. Id. at 23-24.  The Appeals Council found no basis to change ALJ Cascio's decision. Id. at 1-4. Thereafter, this action ensued.

## DISCUSSION

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as

adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012).

Plaintiff argues that ALJ Cascio erred in four respects:

1. He failed to explain how he incorporated into the RFC Dr. Huckell's opinion that "a headset should be worn if Plaintiff were to be answering the phones on a regular basis" (Plaintiff's Memorandum of Law [7-1] at 14-15);

2. "Nor did [he] elaborate on how his finding that Plaintiff could frequently rotate and flex her neck and frequently handle would comport with Dr. Huckell's opinion" (id. at 15);

3. He "failed to explain how Dr. Coniglio's opinion that Plaintiff could only occasionally lift 10 pounds with both arms . . . was compatible with light work and with no additional lifting or carrying limitations" (id. at 15-16); and

4. "Given that the ALJ rejected Dr. Fkiaras' opinion in its entirety . . . it is unclear what basis he had for including no exposure to unprotected heights or hazardous machinery in the RFC finding" (id. at 16).

Plaintiff argues that, due to these failures, "remand is warranted for proper explanations for how the ALJ arrived at the specific findings included in the RFC determination and why some limitations from Dr. Huckell and Dr. Coniglio were excluded". Id. at 16.

The Commissioner responds that the RFC limitation "to only frequent reaching, handling, and fingering, is not incompatible with Dr. Huckell's limitation that only applied were Plaintiff using a phone on a regular basis". Commissioner's Brief [8-1] at 8. Even if the headset limitation was rejected, "the ALJ was under no obligation to accept the doctor's opinion as

-6-

whole, even where he found it persuasive". Id. The Commissioner further argues that the ALJ was not required to adopt Dr. Coniglio's 10-pound lifting restriction, especially where, as here, the ALJ found the doctor's opinion only partially persuasive. Id. at 9. Finally, the Commissioner argues that ALJ Cascio was entitled to reject the opinion of consultative examiner Dr. Fkiaras because his opinions of plaintiff's limitations were not consistent with his findings on examination, nor with other evidence in the record. Id. The ALJ was not, however, "required to reject all of Dr. Fkiaras' limitations simply because he found the opinion as a whole not persuasive". Id. at 10. For the following reasons, I agree with the Commissioner.

**B.     Did ALJ Cascio Improperly Formulate the RFC?**

It is the ALJ's responsibility to "weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (Summary Order). In doing so, an ALJ may not "arbitrarily substitute [his/her] own judgment for competent medical opinion." Riccobono v. Saul, 796 F. App'x 49, 50 (2d Cir. 2020) (Summary Order). However, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as [the conclusion] is supported by substantial evidence." Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Moreover, "[w]here . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity . . . a medical source statement or formal medical opinion is not necessarily required". Monroe v. Commissioner of Social Security, 676 F. App'x 5, 8 (2d Cir. 2017) (Summary Order). See also Corbiere v. Berryhill, 760 Fed. App'x 54, 57 (2d Cir. 2019) (Summary Order) (despite the absence of a medical source statement regarding the plaintiff's work related functional abilities and an MRI that revealed "a small L4-5 disc protrusion and mild L4-5 facet joint changes", treatment records indicating that the plaintiff could "stand and walk

without difficulty" and had "full lower extremity strength" constituted substantial evidence for the RFC); Cook v. Commissioner of Social Security, 818 F. App'x 108, 109-10 (2d Cir. 2020) (Summary Order) ("although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity. Here, the treatment notes were in line with the ALJ's RFC determinations").

        Here, there were plainly divergent medical opinions concerning plaintiff's physical limitations, but this did not obligate the ALJ to pick one or the other. *See* Patrick R. v. Commissioner of Social Security, 2022 WL 17247242, *3 (W.D.N.Y. 2022) ("[i]t has been well-recognized that it is the ALJ who is tasked with formulating an RFC based on a review of the entire record, and that it is within the ALJ's discretion to resolve genuine conflicts in the evidence"); Schillo, 31 F.4th at 78 (rejecting the argument that "having declined to afford controlling weight to any of the three physicians' opinions, the ALJ was . . . prohibited from making an RFC finding whatsoever"). By departing from those opinions, however, the ALJ was required to use the treatment notes, diagnostic tests, medical opinions, and other "data points" to identify "with specificity" how the RFC was formulated. Schillo, 31 F.4th at 78 ("the ALJ accorded the treating physicians' opinions lesser and not no weight, she still considered their conclusions to assess Schillo's RFC. The ALJ also looked to the other sources in the administrative record, including MRI results, x-ray results, and notes documenting Schillo's visits with other medical providers. Using these opinions and data points, the ALJ laid out with specificity Schillo's physical capabilities"). An ALJ is entitled to rely upon the opinions of both examining and non-examining state agency medical consultants, so long as those opinions are

"consistent with the rest of the evidence in the medical record". Mordean v. Commissioner, 2020 WL 6886557, *3 (W.D.N.Y. 2020).

Here, ALJ Cascio adequately supported his conclusions with medical and other evidence. He found plaintiff capable of "light work as defined in 20 CFR 404.1567(b)". Administrative Record [6] at 19.  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds". 20 CFR 404.1567(b). ALJ Cascio's conclusion that plaintiff was capable of light work, therefore, was amply supported by Dr. Huckell's opinion that plaintiff "should not lift anything greater than 20 pounds", in addition to the opinions of social security examiners Drs. Miller and Brauer. Id. at 22, 79, 92, 1064.

ALJ Cascio's decision to not include in his RFC Dr. Huckell's opinion that plaintiff "should use a headset if answering a phone on a regular basis" is not an error. ALJ Cascio acknowledged that Dr. Huckell included this opinion in his reports (see id. at 22), however, wearing a headset to answer the phone is not a functional limitation. See Program Operations Manual System (POMS) DI 25020.005 Physical Limitations[4] (identifying the following physical limitations: "climbing and balancing", "fingering and feeling", "hearing", "kneeling and crawling", "loss of use of an upper extremity", "medically-necessary hand-held assistive device", "need to alternately sit and stand", "reaching and handling", "stooping and crouching" and "visual").   The physical actions involved in answering a phone involve reaching and, potentially, movement of the neck to hold the handset against one's shoulder.  Notably, ALJ Cascio's RFC limits plaintiff to frequent (as opposed to constant) reaching, including overhead

---

[4]     Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020005 (last visited January 23, 2023).

reaching, and only frequent (as opposed to constant) rotation and flexion of the neck. Administrative Record [6] at 19.

Further, ALJ Cascio explained that he found Dr. Coniglio's opinion only "partially persuasive". He adopted the limitations in Dr. Coniglio's opinion that were consistent with light work and rejected the 10-pound lifting restriction that was inconsistent with Dr. Huckell's opinion. Id. at 22 ("[a]lthough Dr. Coniglio generally limits claimant to lifting and carrying 10 lbs., he also found claimant can walk up to an 1/8 of a mile, can climb a flight of stairs and can sit/stand and walk as she needs"). Although ALJ Cascio does not directly compare Dr. Coniglio's opinion with Dr. Huckell's, or state that he finds the lifting restriction in Dr. Coniglio's opinion inconsistent with Dr. Huckell's, his reasoning is clear because he discusses Dr. Coniglio's opinion in the same paragraph as, and immediately after, his analysis of Dr. Huckell's opinion. In addition, ALJ Cascio noted elsewhere in his RFC analysis that plaintiff's "treatment", including her "spinal surgeries", "has been beneficial" to her, (id. at 21), while Dr. Coniglio's opinion was rendered on February 22, 2018 - prior to plaintiff's second surgery. Id. at 402.

For these reasons, I conclude that ALJ Cascio provided sufficient analysis in his Decision to demonstrate that his rejection of Dr. Coniglio's 10-pound lifting restriction was based upon substantial evidence. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner". Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

Finally, I agree with the Commissioner that ALJ Cascio was entitled to incorporate elements of Dr. Fkiaras' opinion into the RFC. Commissioner's Brief [8-1] at 10-11. Plaintiff argues that the ALJ erred when he limited plaintiff in the RFC to "no exposure to

unprotected heights or hazardous machinery" because he "outright rejected" Dr. Fkiaras' opinion. Plaintiff's Memorandum [7-1] at 16-17. As an initial matter, ALJ Cascio did not reject Dr. Fkiaras' opinion. He found that Dr. Fkiaras' conclusions concerning plaintiff's degree of functional limitation were "not persuasive" because they "appear [to] be inconsistent with the treatment records and with [plaintiff's] activities of daily living", which he identified and described in detail. Administrative Record [6] at 22-23. This does not mean, however, that ALJ Cascio was prohibited from adopting any of the limitations in Dr. Fkiaras' opinion. "Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." Matta, 508 F. App'x at 56. Accordingly, ALJ Cascio was entitled to incorporate Dr. Fkiaras' opinion into the RFC.

Further, even assuming that ALJ Cascio erred when he incorporated those limitations into the RFC, that error was not a basis for remand. "The fact that the ALJ afforded Plaintiff the benefit of the doubt and included additional limitations in her physical RFC finding is not grounds for remand." Haggins v. Commissioner, 2020 WL 4390698, *5 (W.D.N.Y. 2020).

Accordingly, I find that ALJ Cascio's conclusions are sufficiently explained and supported by substantial evidence.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [8] is granted, and plaintiff's motion [7] is denied.

**SO ORDERED**.
Dated: February 24, 2023

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge